**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **PROGRESS RESIDENTIAL BORROWER 20, LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** **1:26-CV-3790-JPB-CCB** |
| **v.** | |
| **JUSTIN AMIR OSCIKOFI,** | |
| **Defendant.** | **ORDER AND FINAL REPORT AND RECOMMENDATION** |

This matter is before the Court for consideration of Defendant Justin Amir Oscikofi's pro se application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), (Doc. 1), and notice of removal, (Doc. 1-1).[1] From the documents Defendant attaches to the notice of removal, it appears that Plaintiff Progress Residential Borrower 20, LLC initially filed this matter in the Magistrate Court of Fulton County, Georgia, seeking to evict Defendant from a premises. (Doc. 1-1 at 4). Defendant seeks to remove the matter to this Court. For the reasons set forth below, it is hereby **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Fulton

---

[1] Although the notice of removal purports to be on behalf of Justin Amir Oscikofi (whose last name is listed on the docket as "Oscikoli," but on the pleadings as "Oscikofi") and "all other occupants," (Doc. 1-1 at 1), Oscikofi is the only named Defendant and the only person who has filed anything in this Court. As such, the Court treats Oscikofi as the removing Defendant.

County. For the purposes of remand only, Defendant's motion to proceed *in forma pauperis*, (Doc. 1), is **GRANTED**.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When an action is removed from state court, this Court must remand it if—at any time before final judgment—it appears that this Court lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c). Indeed, this Court is required to ensure its own subject-matter jurisdiction, even if that question is not raised by the parties. *See, e.g.*, *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The corollary to this rule is that absent diversity of citizenship, the only basis for removal is when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Lindley v. F.D.I.C.*, 733 F.3d 1043, 1050 (11th Cir. 2013) (internal quotation marks omitted); *see* 28 U.S.C. § 1331 ("The district courts shall have

2

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal quotation marks and alterations omitted).

The notice of removal makes clear that the state-court action is an eviction proceeding, where Plaintiff alleges that Defendant is in possession of a premises in Fulton County, Georgia, for which Defendant has failed to pay past-due rent. (Doc. 1-1 at 4). Plaintiff demands possession of the premises, past-due rent, rent accruing to the date of judgment or vacancy, and fees. *Id.* Defendant's notice of removal does not identify any federal claim that Plaintiff asserts in the state-court action. And the lack of a federal claim in Plaintiff's state-law proceeding is not surprising, because dispossessory actions are typically a product of state law—here O.C.G.A. § 44-7-50. *See Mwangi v. Fed. Nat'l Mortg. Ass'n*, 164 F. Supp. 3d 1403, 1415 (N.D. Ga. 2016) (holding that "[u]nder Georgia law, the exclusive method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to O.C.G.A. § 44-7-50 et. seq." (internal quotation marks and alteration omitted)).

3

Instead of alleging that Plaintiff's suit is based upon federal law, Defendant appears to assert counterclaims or defenses under federal law. Specifically, Defendant argues that Plaintiff's suit violates 42 U.S.C. §§ 1981 and 1982. (Doc. 1-1 at 1–2). But under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state tribunal. *See Beneficial Nat'l Bank*, 539 U.S. at 6; *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (noting that "[t]he presence of a federal defense does not make the case removable"); *Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) (holding that a "defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action"). Simply put, "[b]ecause landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis for federal question jurisdiction." *See Round Valley Indian Housing Auth. v. Hunter*, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995).

Defendant argues that the case is removable under 28 U.S.C. § 1443. (Doc. 1-1 at 2). That statute provides for removal of any action commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). A removal petition under § 1443(1) must satisfy a two-part test. *Alabama v.*

4

*Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality." *Id.* (internal quotation marks omitted). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* Defendant very generally asserts that "this case arises under federal laws providing specific civil rights stated in terms of racial equality, namely 42 U.S.C. §§ 1981 and 1982, and that the denial of those rights is effected through the combined operation of Georgia's mandatory dispossessory and appellate framework." (Doc. 1-1 at 2).

The conclusory allegations Defendant offers are insufficient to make this case removable under § 1443(1). *See, e.g., FPA5 Encore LLC v. McFall*, No. 1:18-CV-4286-TWT-JFK, 2018 WL 4938729, at *2 (N.D. Ga. Sept. 12, 2018) (holding that "[a]llegations of § 1443 jurisdiction on the vague and conclusory grounds presented by Defendant herein have been found insufficient to establish this court's removal jurisdiction in dispossessory proceedings"), *adopted by* 2018 WL 4931949 (N.D. Ga. Oct. 11, 2018); *Sparkysa, LLC v. Binder*, No. 1:18-CV-1543-CC-JKL, 2018 WL 3745066, at *2 (N.D. Ga. April 16, 2018) (finding that an eviction proceeding was not removable under § 1443 where Defendant did not allege violation of any specific civil rights stated in terms of racial equality), *adopted by* 2018 WL 3732756 (N.D. Ga. May 11, 2018).

5

Additionally, Defendant has not made any attempt to show that diversity jurisdiction exists in this case. Diversity jurisdiction exists for all civil actions where the amount in controversy exceeds $75,000 and which are between citizens of different states. 28 U.S.C. § 1332(a)(1). Regardless of citizenship, Defendant cannot meet the amount-in-controversy threshold. The underlying state-court pleading shows that Plaintiff seeks past-due rent of $2,520.00, rent accruing to the date of judgment or vacancy at the rate of $2,520.00 per month, and various fees totaling $960.93. (Doc. 1-1 at 4). The amount Plaintiff seeks falls far short of $75,000, and this action may not be removed on the basis of diversity jurisdiction.

In sum, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. 1), is **GRANTED**, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County.

This is a Final Report and Recommendation, there is nothing further pending in this case, and the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED,** this 4th day of August, 2026.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

6